IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SONNY G. RIFE, :

      Plaintiff, :

                           Case No. 3:06cv139

vs. :

                           JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL :
SECURITY, :

      Defendant. :

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN
PART PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY'S FEES
AND COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT
(DOC. #15); JUDGMENT TO ENTER ACCORDINGLY

The Plaintiff brought this lawsuit under 42 U.S.C. § 405(g), seeking review of the Defendant's final decision to deny him an award of Social Security disability benefits and Supplemental Security Income disability benefits. The Plaintiff alleged that he had become disabled during February, 2002, due to back problems, a learning disability and depression. The Court referred this matter to United States Magistrate Judge Michael Merz for a Report and Recommendations. Judge Merz recommended that this Court affirm the decision of the Defendant that the Plaintiff is not disabled and, therefore, not entitled to an award of benefits. See Doc. #11. The Plaintiff objected to the Report and Recommendations, arguing that this Court

should reject that recommendation and remand this matter for further proceedings. See Doc. #12. In its Decision of September 30, 2007, this Court sustained Plaintiff's Objections (Doc. #12) to Judge Merz's Report and Recommendations (Doc. #11), vacated the denial of benefits and remanded this matter for further proceedings. See Doc. #13. Judgment was entered thereon. See Doc. #14.

This case is now before the Court on the Plaintiff's request for an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. See Doc. #15. Plaintiff asserts that he is entitled to such an award, since he was the prevailing party in this litigation and because the Defendant's position was not substantially justified. Id. The Defendant has opposed that motion, arguing that his decision to deny Plaintiff the requested award of disability benefits was substantially justified. See Doc. #16. The Plaintiff has filed a Reply Memorandum in support of his request for an award of attorney's fees and costs. See Doc. #17. As a means of analysis, the Court will initially address the Plaintiff's request for an award of attorney's fees, following which it will turn to the branch of his motion seeking costs.

I. Attorney's Fees

With this branch of his motion, Plaintiff seeks an award of attorney's fees in the sum of $4,120.00, representing 34.50 hours expended by his counsel and her paralegal. Counsel seeks compensation at the rate of $125.00 per hour for 31.75 hours expended by counsel, while compensation at the rate of $55.00 per hour is sought for 2.75 hours expended by the paralegal.. The Court begins its analysis by

setting forth the standards it must apply whenever it rules upon a request for attorney's fees under the EAJA.

In pertinent part, the EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In Delta Engineering v. United States, 41 F.3d 259 (6th Cir. 1994), the Sixth Circuit discussed the requirements for an award under the EAJA:

> Under the EAJA, three criteria must be met before an award of attorneys' fees and costs is granted: (1) the fees must be incurred in a civil action brought against the government; (2) the party seeking fees must have been the prevailing party; and (3) the position of the government must not have been substantially justified.

Id. at 261 (emphasis in the original).

Herein, it cannot be questioned that the Plaintiff was the prevailing party in an action brought against the Government, given that this Court reversed the denial of benefits and remanded this matter for further proceedings, in accordance with the fourth sentence of § 405(g). See Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993) (holding that applicant for social security disability benefits who obtains reversal and remand under the fourth sentence of § 405(g) is the prevailing party).

Normally, the central question in an EAJA application is whether the Government's position in the litigation was "substantially justified." The applicant for an award under the EAJA must allege in his petition that the position of the

- 3 -

Government was not so justified. 28 U.S.C. § 2412(d)(1)(B). In Pierce v. Underwood, 487 U.S. 552 (1988), the Supreme Court said that "substantially justified" means "justified in substance or in the main--that is, justified to a degree that could satisfy a reasonable person." Id. at 565 (internal quotation marks omitted). The Pierce Court explained further that the Government's position would be "substantially justified" if it had a "reasonable basis in both law and fact." Id. (internal quotation marks omitted). See also, Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989).[1] The Government has the burden of demonstrating that its position was substantially justified. E.W. Grobbel Sons, Inc. v. National Labor Relations Board, 176 F.3d 875, 878 (6th Cir. 1999); United States v. Jones, 125 F.3d 1418, 1425 (11th Cir. 1997); Harmon v. United States Through Farmers Home Admin., 101 F.3d 574, 586 (8th Cir. 1996). In a judicial proceeding in which the denial of Social Security disability benefits is being challenged, the position of the Government is not substantially justified merely because the Magistrate Judge and/or District Court initially agrees with the denial. Howard v. Barnhart, 376 F.3d 551 (6th Cir. 2004). Moreover, the Government's position is not substantially justified in such a dispute, when it defends a denial of benefits which was based upon a selective view of the evidence. Id. Whether the Government's position is so justified is to be determined from the record before the court and that which was before the administrative agency. See 28 U.S.C. § 2412(d)(1)(B).

---

[1] Therein, the Sixth Circuit held that the Government's position to deny disability benefits may be substantially justified, even though the District Court subsequently determined that said decision was not supported by substantial evidence. 868 F.2d at 869-70. Therefore, this Court's reversal of the Defendant's decision to deny benefits does not, in and of itself, mean that the Government's position was without substantial justification.

- 4 -

Herein, the central issue in the Plaintiff's appeal was the remedy to be imposed as a result of the failure of the Administrative Law Judge ("ALJ") to accord treating physician status to Plaintiff's psychologist, Dr. Phillip Gibeau ("Gibeau"), who had treated Plaintiff in three counseling sessions.[2] See Transcript ("Tr.") at 19-21 (discussing Gibeau, without acknowledging that he treated Plaintiff in those counseling sessions). Thus, the ALJ did not evaluate Gibeau's opinion in accordance with the treating physician or source rule. Judge Merz recommended that this Court nevertheless affirm the decision to deny the Plaintiff an award of benefits, reasoning that the ALJ had adequate reasons for rejecting Gibeau's opinion regardless of whether he was or was not a treating medical professional. Doc. #11 at 12-13. This Court disagreed and remanded this matter, in order to permit the ALJ to apply the correct analytical framework to Gibeau's opinion.

In Blakely v. Commissioner, 581 F.3d 399 (6th Cir. 2009), the Sixth Circuit restated the treating physician rule:

> In assessing the medical evidence supporting a claim for disability benefits, the ALJ must adhere to certain standards. One such standard, known as the treating physician rule, requires the ALJ to generally give greater deference to the opinions of treating physicians than to the opinions of non-treating physicians because
> > "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations."
>
> Wilson [v. Commissioner], 378 F.3d [541,] 544 [(6th Cir. 2004)] (quoting 20 C.F.R. § 404.1527(d)(2)).

---

[2] That medical professional initially examined Plaintiff on behalf of Ohio Bureau of Vocational Rehabilitation; however, he subsequently treated the Plaintiff for his mental disorders.

- 5 -

> The ALJ "must" give a treating source opinion controlling weight if the treating source opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in [the] case record." Wilson, 378 F.3d at 544 (quoting 20 C.F.R. § 404.1527(d)(2)). On the other hand, a Social Security Ruling explains that "[i]t is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well- supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent the with other substantial evidence in the case record." Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *2 (July 2, 1996). If the ALJ does not accord controlling weight to a treating physician, the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician. Wilson, 378 F.3d at 544; see also 20 C.F.R. § 404.1527(d)(2).

Id. at 406 (footnote omitted).

Herein, this Court concludes that the Defendant's position was substantially justified and that, therefore, the Plaintiff is not entitled to an award of attorney's fees under the EAJA, despite the ALJ's failure to apply the treating source rule, as elaborated upon by the Sixth Circuit in Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004). As the Defendant argues, the ALJ did articulate adequate reasons for rejecting Gibeau's opinion, even though he did not expressly state the weight he was affording that opinion or acknowledge that Gibeau had seen the Plaintiff for three counseling sessions. See Doc. #16. For instance, the ALJ noted that Gibeau's opinion was inconsistent with an earlier opinion he had given and with the other evidence in the record. See Tr. at 20-21.

Accordingly, the Court overrules the Plaintiff's Motion for an Award of Attorney's Fees and Costs under the Equal Access to Justice Act (Doc. #15), as it relates to attorney's fees.

## II. Costs

Plaintiff states that he is seeking to recover $350.00, as costs, without setting forth the items of costs for which recovery have been sought. Under 42 U.S.C. § 2412(a)(1), a private party, like Plaintiff, who prevails in an action against the United States is entitled to recover costs that he would be entitled to recover against another private party, in accordance with 28 U.S.C. § 1920. Under Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987), a District Court can award only those costs that are authorized by § 1920. That statutory provision contains a listing of six categories of items, for which a District Court can award costs to the prevailing party. Although Plaintiff has not itemized those matters for which he is seeking to recover costs, the docket sheet reveals that he paid the clerk of courts a filing fee of $350.00, in order to initiate this litigation. See Doc. #3. Since § 1920(1) expressly authorizes the prevailing party to recover the fees of the clerk, Plaintiff is entitled to recover the sum of $350.00. Accordingly, the Court sustains Plaintiff's Motion for an Award of Attorney's Fees and Costs under the Equal Access to Justice Act (Doc. #15), as it relates to costs.

Judgment is to be entered in favor of Plaintiff and against the Defendant for costs in the sum of $350.00.

January 18, 2011

                                                WALTER HERBERT RICE, JUDGE
                                                UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.